996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas W. SPINDLE, Petitioner-Appellant.
v.
Larry B. BERRONG, Jr., Respondent-Appellee.
 No. 93-3056.
 United States Court of Appeals, Tenth Circuit.
 June 24, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Spindle, a federal inmate and pro se litigant, appeals the denial of his petition for habeas corpus relief. We exercise jurisdiction and affirm.
 
 
 3
 Mr. Spindle, while serving in the armed services, was convicted by a court martial of felony murder, attempted sodomy, assault with intent to commit sodomy and indecent acts with a child under sixteen years of age. The convictions arose from the death of a young boy whose body had been left in an abandoned bomb shelter. Mr. Spindle was found guilty based primarily on the testimony of an eyewitness who subsequently went AWOL and was declared unavailable at trial. Additionally, Mr. Spindle confessed that he was present at the scene of the murder. Mr. Spindle was sentenced, inter alia, to life imprisonment. It is these convictions which Mr. Spindle challenges in his habeas corpus petition.[1]
 
 
 4
 We first must examine the limits of our authority in reviewing the conviction and sentence imposed by a court martial. In Dodson v. Zelez, 917 F.2d 1250 (10th Cir.1990), we set forth our scope of review:
 
 
 5
 1. The asserted error must be of substantial constitutional dimension;
 
 
 6
 2. The issue must be one of law rather than of disputed fact already determined by the military tribunals;
 
 
 7
 3. Military considerations may warrant different treatment of constitutional claims;
 
 
 8
 4. The military courts must give adequate consideration to the issues involved and apply proper legal standards.
 
 
 9
 Id. at 1252-53 (citations omitted). In his habeas corpus petition and in his brief, Mr. Spindle categorizes nine separate issues. Many of these complaints all relate to the pivotal issue: whether the prosecution's use of an unavailable witness' prior testimony violates the petitioner's Sixth Amendment right of confrontation. We are unable to review the rest of Mr. Spindle's alleged errors, as they relate to determinations of fact or issues not considered by the military court.
 
 
 10
 Private Joseph Courtney, an alleged eyewitness testified against Mr. Spindle at an Article 32 investigation, the military equivalent of a preliminary hearing. Private Courtney was subjected to extensive cross-examination, not only by Mr. Spindle's counsel but by counsel for Mr. Spindle's codefendant. Upon a finding of unavailability, the military court allowed this testimony to be introduced into evidence at Mr. Spindle's trial.
 
 
 11
 Private Courtney was not exactly the most credible witness. Private Courtney provided at least five differing written statements reflecting the events of that evening. In some versions, Private Courtney was not present. In another, Mr. Spindle became scared and left the scene of the murder. After the murder, Private Courtney entered into a drug rehabilitation facility as he admitted to smoking twenty to thirty bowls of marijuana a day and to using numerous other drugs. In fact, on the night of the murder Private Courtney admitted that he was "wasted."
 
 
 12
 In none of Private Courtney's stories was there anyone else present beside Private Courtney, Mr. Spindle, codefendant Mr. Hubbard, and the victim. Subsequent to the Article 32 hearing it was discovered that the bite mark on the victim did not match with any of these individuals. Consequently, Mr. Spindle was not afforded the opportunity to cross-examine Private Courtney on this contradiction. Similarly, petitioner was unable to use Private Courtney's theft of $275 for impeachment purposes as it occurred after the Article 32 investigation. Finally, Private Courtney suspiciously went AWOL prior to trial, fleeing with an individual whose palm print had been found in the bunker.
 
 
 13
 Were it left to us to evaluate the credibility of Private Courtney's testimony we may have reached a different result than the court martial. Our inquiry, however, is constrained by Ohio v. Roberts, 448 U.S. 56 (1980). In order for an unavailable witness' statement to be admissible at trial it must bear an adequate "indicia of reliability." Id. at 66. The Roberts Court further states that such guarantees of trustworthiness are found "in the accouterments of the preliminary hearing itself." Id. at 73. Thus, the law infers the indicia of reliability from the procedure; if the defendant is present, has an opportunity to cross-examine, and the witness is under oath, any statement is considered necessarily reliable. The Court in Roberts, holding a preliminary hearing automatically affords the guarantees of trustworthiness necessary to comply with the Confrontation Clause, probably did not envision testimony from such an incredible witness serving the basis for a murder conviction. Nevertheless, we are limited to consider whether defendant was present at the Article 32 hearing and was provided with the constitutional opportunity to meaningfully confront the witness. As a matter of procedure, petitioner was afforded the constitutional minimum.
 
 
 14
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The government has filed a notice informing this court it has elected not to respond. Inexplicably, the government has decided this case is not worth spending any time or money pursuing. We do not approve of this practice