7 F.3d 1045
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Clifford B. HUBBARD, Petitioner-Appellant,
v.
Larry B. BERRONG, Jr., Respondent-Appellee.
 No. 93-3079.
 United States Court of Appeals, Tenth Circuit.
 Oct. 20, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.[2]
 
 ORDER AND JUDGMENT[1]
 
 1
 Petitioner Clifford B. Hubbard, a former private in the United States Army who appears before this court pro se, appeals the district court's denial of his petition for writ of habeas corpus. 28 U.S.C. 2241. In his habeas petition, Petitioner sought review of his court-martial convictions for murder, 10 U.S.C. 918, sodomy, 10 U.S.C. 880, 925, and indecent acts with a child under sixteen years of age, 10 U.S.C. 934. We have jurisdiction under 28 U.S.C. 1291.
 
 
 2
 Petitioner was convicted on the following facts. In 1982, Petitioner was an Army Private stationed at Schofield Barracks, Hawaii. On the evening of February 5, 1982, Petitioner and two other Army Privates, Joseph H. Courtney and Thomas Spindle, took Derek K., the fourteen-year-old son of an Army officer, to an abandoned World War II bunker to smoke marijuana. After smoking a marijuana cigarette, Petitioner, Spindle and Derek started wrestling on the ground. After wrestling for a short period of time, Petitioner and Spindle pinned Derek to the ground and attempted to forcibly sodomize him. When Derek attempted to scream for help, Spindle smothered his cries by covering his mouth and nose. Courtney tried to stop the assault, but Petitioner pushed him away and threatened to kill Courtney with a knife. During the course of the assault, Derek experienced a seizure and died. Petitioner and Spindle disposed of Derek's body, rolling it down the stairs of an abandoned bunker.
 
 
 3
 Petitioner was charged with unpremeditated murder, 10 U.S.C. 918, felony murder, 10 U.S.C. 918(4), sodomy, 10 U.S.C. 880, 925, and indecent acts with a child, 10 U.S.C. 934. He pleaded not guilty and was tried by general court-martial in June 1982. Courtney had testified against Petitioner at the investigatory hearing, 10 U.S.C. 832, which is the military equivalent of a preliminary hearing. Courtney did not testify at Petitioner's trial, however, as he was absent without leave ("AWOL") at that time. At trial, the military judge declared Courtney unavailable and admitted his testimony as prior reliable testimony given under oath and subjected to Petitioner's cross-examination. Petitioner was convicted of all four counts and was sentenced, inter alia, to life imprisonment. He is presently incarcerated at the United States Disciplinary Barracks, a military prison located at Fort Leavenworth, Kansas.
 
 
 4
 Following his conviction, Petitioner raised the following issues to the Army Court of Military Review ("ACMR"): (1) the military judge erred by admitting the investigation hearing testimony of Courtney after Courtney was declared unavailable; and (2) insufficient evidence in that Courtney's statements were uncorroborated. The ACMR upheld the conviction. See United States v. Hubbard, 18 M.J. 678 (ACMR 1984).
 
 
 5
 After the ACMR decision, Petitioner filed a timely petition for grant of review to the United States Court of Military Appeals ("CMA"). 10 U.S.C. 867. Petitioner raised the following issues: (1) the military judge denied him his right of confrontation by admitting the out-of-court statements of Courtney; (2) insufficient evidence because Courtney's statements were uncorroborated; (3) the military judge erred in failing to dismiss the premeditated murder charge as multiplicious with the felony murder charge; and (4) the military judge erred in failing to dismiss the indecent acts with a child charge as multiplicious with the sodomy charge. After granting Petitioner's request for review, the CMA reversed Petitioner's conviction on the third issue, holding that the same homicide could not support convictions of unpremeditated murder and felony murder, and affirmed the decision below in all other respects. See United States v. Hubbard, 28 M.J. 27 (CMA 1989), cert. denied, 493 U.S. 847 (1989). The CMA denied Petitioner's request for reconsideration, and Petitioner filed a petition for writ of certiorari in the United States Supreme Court, alleging a violation of his Sixth Amendment right to confrontation. The Supreme Court denied his petition.
 
 
 6
 On April 20, 1990, Petitioner filed a petition for writ of habeas corpus with the United States District Court for the District of Kansas, raising the following six arguments: (1) the government violated Petitioner's Sixth Amendment right to confrontation by failing to secure Courtney's attendance at trial; (2) Petitioner did not intimidate Courtney; (3) the government withheld exculpatory evidence during the court-martial investigation; (4) the military judge erred in allowing the prosecutor to make incriminating remarks in his opening statement; (5) the CMA erred in holding that Courtney's prior testimony was admissible at trial; and (6) Petitioner was denied effective assistance of counsel at trial. The district court refused to consider issues two, four and six because petitioner had not raised those issues before the military tribunal, citing Watson v. McCotter, 782 F.2d 143, 145 (10th Cir.), cert. denied, 476 U.S. 1184 (1986). The court then applied factors outlined in Dodson v. Zelez, 917 F.2d 1250, 1252-53 (10th Cir.1990), see infra, to the remaining issues and declined habeas review.
 
 
 7
 Petitioner now appeals the district court's denial of his habeas petition, alleging only three of the arguments he made to the district court: (1) the government violated Petitioner's Sixth Amendment right to confrontation by failing to secure Courtney's attendance at trial; (2) the government withheld exculpatory evidence during the court-martial investigation; and (3) the CMA erred in holding that Courtney's prior testimony was admissible at trial. Because Petitioner has not appealed the district court's rejection of his other three issues, see Petitioner's Supplemental Opening Brief, p.4 (stating "[a]lthough ... the district court should have considered [issues two, four and six], this Petitioner will not argue them before this court"), the district court's resolution of these issues stands. United States v. Cook, 997 F.2d 1312, 1316 (10th Cir.1993). We now address the three issues raised by Petitioner on appeal.
 
 
 8
 A federal district court's habeas review of a military court-martial proceeding is limited. A federal habeas court will not review a petitioner's claim if it was not raised before the military courts. Watson, 782 F.2d at 145. If the issue was raised before the military courts, four conditions must be met before a district court's habeas review of a military decision is appropriate: (1) the asserted error is of substantial constitutional dimension; (2) the issue is one of law rather than fact; (3) there are no military considerations which warrant different treatment of the constitutional claims such that federal district court intervention would be inappropriate; and (4) the military courts failed to give adequate consideration to issues involved or failed to apply the proper legal standards. Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808, 811 (10th Cir.1993); Dodson, 917 F.2d at 1252-53. When an issue has been briefed and argued before the military tribunal, federal habeas courts assume the military tribunal has given the claim full and fair consideration, even if the military court summarily disposed of the issue. Lips, 997 F.2d at 812 n.2; Watson, 782 F.2d at 145.
 
 
 9
 As the district court observed, Petitioner's first claim--that the government did not take proper precautions to secure Courtney's attendance at trial--is an issue of fact rather than law and is therefore inappropriate for habeas review. As the district court further observed, Petitioner's next claim--that the government withheld exculpatory evidence--was a factual issue fully and fairly considered in the military courts.[3] Because the CMA found that "the prosecution did not hold back from the defense information which it already had acquired," we will not disturb this factual finding, even though the issue was only summarily addressed. Lips, 997 F.2d at 812 n.2; Watson, 782 F.2d at 145.
 
 
 10
 Finally, we also agree with the district court's denial of Petitioner's third assertion--that he was unable to properly confront and cross-examine Courtney due to the his unavailability at trial. Because the issue is both a constitutional and legal question and because there are no special military considerations, the district court was required to determine whether the military courts adequately considered the issue and applied the proper legal standard. Because the CMA considered this issue at length and applied the proper legal standard for determining whether the unavailable witness' statement was admissible, see Ohio v. Roberts, 448 U.S. 56 (1980) (to be admissible at trial, an unavailable witness' statement must bear an adequate "indicia of reliability," which can be found in "the accouterments of the preliminary hearing itself"), the district court properly declined further habeas review of the military court's admissibility determination.
 
 
 11
 AFFIRMED.
 
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [3]
 To the extent that Petitioner argues ineffective assistance of counsel for failure of trial counsel to present exculpatory evidence, he has waived this argument by failing to present it to the district court below. See Cook, 997 F.2d at 1316