43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Clifford B. HUBBARD, Petitioner-Appellant,
v.
Colonel Gregory A. LOWE, Commandant, Respondent-Appellee.
 No. 94-3111.
 United States Court of Appeals,
 Tenth Circuit.
 Dec. 15, 1994.
 
 Before McWILLIAMS, BARRETT and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Clifford B. Hubbard, a former private in the United States Army, appeals the district court's dismissal of his second petition for a writ of habeas corpus as an abuse of the writ. Petitioner sought review of his court-martial convictions for murder, sodomy, and indecent acts with a child under sixteen years of age, in violation of 10 U.S.C. 880, 918, 925 and 934. We affirmed the dismissal of the first petition in an unpublished opinion, Hubbard v. Berrong, 1993 WL 415268 (10th Cir.1993). The district court dismissed the instant petition as successive under Rule 9(b), Rules Governing 2254 Cases in U.S. District Courts.[2] We grant petitioner's motion to proceed on appeal in forma pauperis in order to reach the merits.
 
 
 3
 Petitioner raises three issues in his petition: (1) at the general court-martial, defense counsel failed to present evidence of the latent print that was on deceased's inside thigh; (2) Courtney (another soldier involved in the crime) was not intimidated by petitioner when he went AWOL; therefore, the military judge erred in allowing Courtney's hearsay testimony into petitioner's trial; and (3) the military judge erred in admitting inadmissible hearsay at petitioner's court-martial. Petitioner admits that the latter two issues were raised in his earlier petition.
 
 
 4
 We characterized the issues before us on the appeal from petitioner's first habeas case as "(1) the government violated Petitioner's Sixth Amendment right to confrontation by failing to secure Courtney's attendance at trial; (2) the government withheld exculpatory evidence during the court-martial investigation; and (3) the CMA erred in holding that Courtney's prior testimony was admissible at trial." Hubbard, 1993 WL 415268. We held that Courtney's AWOL was an issue of fact rather than law and was inappropriate for habeas review, because it was fully considered by the military courts in two opinions. See United States v. Hubbard, 18 M.J. 678 (C.M.R.1984), aff'd, 28 M.J. 27 (C.M.A.), cert. denied, 493 U.S. 847 (1989).
 
 
 5
 The allegedly inadmissible hearsay complained of in the second petition appears to be the self-incriminating statements of petitioner's codefendant Thomas W. Spindle. Spindle was convicted of the same charges, apparently in the same court-martial. We affirmed the denial of his petition for a writ of habeas corpus in a separate unpublished opinion. Spindle v. Berrong, 1993 WL 230114 (10th Cir.), cert. denied, 114 S.Ct. 478 (1993). Of course, admissions against interests by a defendant are admissible as evidence in a criminal trial. Petitioner fails to demonstrate that Spindle's statements incriminated this petitioner, or that the presiding judge did not give appropriate limiting instructions.
 
 
 6
 Petitioner's claim that defense counsel failed to present the latent print on the deceased's inside thigh at his court-martial apparently is an assertion of the constitutional inadequacy of his counsel. We cannot determine from the record whether that issue was raised in the earlier habeas proceeding. However, our earlier opinion stated: "To the extent that Petitioner argues ineffective assistance of counsel for failure of trial counsel to present exculpatory evidence, he has waived this argument by failing to present it to the district court below." Hubbard, 1993 WL at 415268 n. 3.
 
 
 7
 Petitioner's brief indicates that his defense counsel knew about the fingerprint on the deceased's inner thigh at the time of the court-martial. See Appellant's Supplemental Opening Brief at 2. Petitioner asserts that the latent print belonged to someone else, but he does not identify that person or whether the print was sufficiently readable to identify another person. Even if it were shown to be the print of another person, the evidence before the military tribunal was that as many as four people were involved in the events leading up to the murder. That one print on the victim might have been from someone other than petitioner does not establish a probability that petitioner would have been acquitted, nor does it demonstrate the ineffectiveness of his counsel.
 
 
 8
 Thus, whether we consider the issues raised in the instant petition as successive because they were contained in the first habeas petition, as abusive because they should have been raised in the first petition, or as issues to be reviewed by us on the merits, the district court properly denied relief.
 
 
 9
 Petitioner's Motion to Correct Brief is granted. His Motion for Leave to Seek a Restraining Order for a Stay of Transfer is denied as moot.
 
 
 10
 AFFIRMED.
 
 
 11
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Both of petitioner's habeas filings were made pursuant to 28 U.S.C. 2241. Rule 9(b) of the Rules Governing 2254 Cases does not technically apply, but 28 U.S.C. 2244 contains the same finality provisions in relation to 2241 petitions