**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 3 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

THOMAS W. SPINDLE,

    Petitioner,

v.

N/F/N TILLERY, Commandant,

    Respondent.

No. 97-3062
(D.C. No. 95-3116-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Thomas W. Spindle, a federal inmate and *pro se* litigant, appeals the district court's denial of his petition for habeas corpus relief. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 (1994) and affirm.

In June 1982, Mr. Spindle was convicted by a general court-martial at Fort Shafter, Hawaii, of felony murder, attempted sodomy, assault with intent to commit sodomy, and indecent acts with a child under sixteen years of age.[1] *Spindle v. Berrong*, 1993 WL 230114, at *1 (10th Cir. June 24, 1993) (unpublished disposition), *cert. denied*, 510 U.S. 1067 (1993). The convictions arose from the death of a fourteen year-old boy, whose sodomized body was found in an abandoned bomb shelter. *Id.* The main evidence against Mr. Spindle was the testimony of an eyewitness, Private Joseph Courtney, who was declared unavailable at the time of trial.[2] *Id.* In addition, testimony was introduced that Mr. Spindle confessed to being present at the scene of the murder. *Id.* Mr. Spindle was sentenced, *inter alia*, to life imprisonment. *Id.*

---

[1] Clifford B. Hubbard was convicted of the same crimes in the same court-martial. *See Hubbard v. Lowe*, 1994 WL 702676, at *1 (10th Cir. Dec. 15, 1994) (unpublished disposition), *cert. denied*, 514 U.S. 1100 (1995).

[2] Shortly before trial, Private Courtney went AWOL. However, Private Courtney had previously testified against Mr. Spindle at an Article 32 hearing, which is the equivalent of a preliminary hearing. *Spindle*, 1993 WL 230114 at *1. Private Courtney's testimony at the Article 32 hearing was introduced against Mr. Spindle at his court-martial.

Following his convictions, Mr. Spindle appealed to the Army Court of Military Review. *Spindle v. Berrong*, 1993 WL 63401, at *1 (D. Kan. Feb. 4, 1993). Although the court dismissed his assault conviction, it affirmed his remaining convictions and sentence. *Id.* Thereafter, Mr. Spindle filed for review of his convictions in the United States Court of Military Appeals. *Id.* The Court of Military Appeals affirmed his convictions and denied Mr. Spindle's request for reconsideration. *Id.*

On January 26, 1990, Mr. Spindle filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Kansas. *Id.* at *1-2. Although Mr. Spindle asserted nine errors, the district court determined he was not entitled to any relief and dismissed his petition. *Id.* at *1-3. On June 24, 1993, we affirmed the dismissal of Mr. Spindle's petition. *Spindle*, 1993 WL 230114 at *2.

On March 16, 1995, Mr. Spindle filed a second petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 with the United States District Court for the District of Kansas. In his second petition, Mr. Spindle raised the following claims for relief: (1) the government withheld exculpatory evidence; (2) he was denied the right to confrontation when the former testimony of Private Courtney

was admitted at trial; (3) military investigators failed to give proper warnings before eliciting inculpatory statements from him; (4) he received ineffective assistance of counsel; and (5) he was improperly convicted by a two-thirds vote and the jury was not properly instructed on the vote necessary to impose life imprisonment. On February 6, 1997, the district court dismissed Mr. Spindle's second petition for habeas corpus relief in a twelve page order. Mr. Spindle now appeals from the district court's dismissal of his petition.

On appeal, Mr. Spindle argues the district court erred in denying relief on each of his five claims. Before reviewing these claims, we first discuss our limitations on review of military court-martial convictions. Generally, "'federal courts will not entertain habeas petitions by military prisoners unless all available military remedies have been exhausted.'" *Khan v. Hart*, 943 F.2d 1261, 1263 (10th Cir. 1991) (quoting *Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975)). Where a prisoner has failed to raise a claim in the military courts, we will not review the claim unless the prisoner establishes cause and prejudice for failing to raise the error. *Lips v. Commandant, United States Disciplinary Barracks*, 997 F.2d 808, 812 (10th Cir. 1993), *cert. denied*, 510 U.S. 1091 (1994). Furthermore, the Tenth Circuit consistently has granted "broad deference" to the military in collateral review of court-martial convictions. *Watson v. McCotter*, 782 F.2d 143,

-4-

144 (10th Cir.), *cert. denied*, 476 U.S. 1184 (1986).  Our habeas jurisdiction "does not extend to a reassessment of the facts and issues fully and fairly considered by a military court."  *Khan*, 943 F.2d at 1262.  In determining the scope of our jurisdiction, we have identified four relevant factors:

> (1) whether the claimed error is of substantial constitutional dimension, (2) whether a legal issue is involved, rather than a factual issue previously resolved by military courts, (3) whether military considerations may warrant different treatment of constitutional claims such that federal civil court intervention would be inappropriate, and (4) whether the military courts have given adequate consideration to the claimed error and applied proper legal standards.

*Id.*

In the present case, Mr. Spindle first argues he is entitled to habeas relief because the government failed to disclose exculpatory fingerprint evidence removed from the victim's body.  Mr. Spindle raised this same claim in his first habeas petition.  *See Spindle*, 1993 WL 63401 at *1.  However, the district court declined to review the issue because Mr. Spindle did not raise the issue before the military courts.  *Id.*  We affirmed the district court's decision not to review the claim on appeal.  *Spindle*, 1993 WL 230114 at *1.  In his present petition, Mr. Spindle contends his failure to raise the exculpatory evidence issue in the military courts should be excused because he was provided ineffective assistance of counsel.  Assuming, without deciding, Mr. Spindle can establish cause for failing

to raise the issue, we do not believe he can show actual prejudice stemming from the error he asserts.  Mr. Spindle contends the government unlawfully withheld latent fingerprints obtained from the victim's body, thus denying him a "mistake of identity" defense.  However, the evidence before the military courts revealed that as many as four people were involved in the events leading up to the murder. *See Hubbard*, 1994 WL 702676 at *2.  Thus, even if the fingerprints from the victim's body were shown to be the prints of another, this would not establish a probability that Mr. Spindle would have been acquitted.  Consequently, we conclude Mr. Spindle cannot establish he was prejudiced by the government's alleged failure to provide him with the latent fingerprints.[3]  We therefore affirm the district court's refusal to grant Mr. Spindle relief based on the government's alleged failure to provide him with exculpatory evidence.

Second, Mr. Spindle contends he is entitled to habeas relief because the military court erroneously allowed the testimony of Private Courtney to be admitted against him, even though Private Courtney was not present at Mr.

---

[3]  We also conclude that no fundamental miscarriage of justice will result from our failure to consider this claim.  *See Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995) ("habeas corpus petitioner may excuse a procedural default by demonstrating either 'cause for the default and actual prejudice as a result of  the alleged violation of federal law, or ... that failure to consider the claims will result in a fundamental miscarriage of justice.'") (quoting *Brecheen v. Reynolds*, 41 F.3d  1343, 1353 (10th Cir. 1994), *cert denied*, 515 U.S. 1135 (1995)).

Spindle's court-martial. According to Mr. Spindle, he was denied the opportunity to effectively cross-examine Private Courtney. As noted by the district court, however, Mr. Spindle raised a nearly identical claim in his first petition for a writ of habeas corpus. The district court in the first habeas proceeding considered this claim on the merits and determined that Mr. Courtney's testimony was properly admitted under "a firmly rooted hearsay exception." *Spindle*, 1993 WL 63401 at *3. Furthermore, the court determined Mr. Courtney was subjected to cross examination at the Article 32 hearing, and this cross-examination was read to the jury at trial. *Id.* On appeal, we concluded the admission of Private Courtney's testimony did not infringe Mr. Spindle's constitutional rights. *Spindle*, 1993 WL 230114 at *2.

Because Mr. Spindle's objections to Private Courtney's testimony have been previously considered and rejected by a federal court, we are only required to reconsider such objections if Mr. Spindle has "supplement[ed] his constitutional claim with a colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). To satisfy this standard, Mr. Spindle must show "sufficient claims and facts that -- had the jury considered them -- probably would have convinced the jury that the defendant was *factually innocent*." *Parks v. Reynolds*, 958 F.2d 989, 995 (10th Cir.), *cert. denied*, 503 U.S. 928 (1992) (emphasis in

original).  After thoroughly reviewing Mr. Spindle's appellate brief and all relevant portions of the record, we conclude Mr. Spindle has failed to make such a showing.  Consequently, we conclude the district court did not err in failing to review Mr. Spindle's claim concerning the testimony of Private Courtney.

Third, Mr. Spindle argues he is entitled to habeas relief because he received ineffective assistance of counsel.  To prevail on his ineffective assistance of counsel claim, Mr. Spindle must show his counsels' representation "fell below an objective standard of reasonableness," and the deficient performance prejudiced Mr. Spindle.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  To establish prejudice, Mr. Spindle "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

In the present case, Mr. Spindle claims his representation was deficient in several regards.  First, he argues his counsel did not effectively cross-examine Private Courtney because he lacked "sufficient data, lab results or documentation" and because Private Courtney went AWOL before the court-martial.  After reviewing defense counsel's cross-examination of Private Courtney at the Article 32 hearing, we agree with the district court that the cross-examination was

adequate. Although counsel may have lacked data or lab reports, there is no indication that this was due to the deficiencies of defense counsel. Nor is there any indication in the record that Private Courtney's absence at trial was due to any actions of defense counsel. Thus, we conclude Mr. Spindle's counsel's cross-examination of Private Courtney was not deficient.

Mr. Spindle also contends his counsel was deficient because he failed to obtain key evidence. However, Mr. Spindle fails to specify what key evidence counsel failed to uncover. Consequently, we are unable to ascertain any deficiency from this contention.

Next, Mr. Spindle claims his counsel "adopted [the] impossible strategy [of] plac[ing] the petitioner at the scene of the crime on the night the victim was abducted and killed." At Mr. Spindle's court-martial, an officer investigating the murder of the young boy testified that Mr. Spindle acknowledged that he was with the boy on the night he was killed. Private Courtney's testimony, which was read at the court-martial, also placed Mr. Spindle at the scene of the crime on the night of the murder. In light of this testimony, we do not believe counsel for Mr. Spindle was ineffective in adopting a strategy that placed Mr. Spindle at the scene of the crime.

Finally, Mr. Spindle contends his counsel was ineffective because he failed to object to testimony concerning threats Mr. Spindle allegedly made to his ex-wife and another soldier. Assuming without deciding that defense counsel was deficient in failing to object to this testimony, we do not believe Mr. Spindle can establish he was prejudiced by this testimony. In light of the entire testimony at the court-martial, we conclude it is very unlikely Mr. Spindle would have been acquitted in the absence of the testimony concerning the alleged threats. We therefore find Mr. Spindle is not entitled to habeas relief for his ineffective assistance of counsel claim.

Fourth, Mr. Spindle contends he should receive habeas relief because he was not provided proper warnings, as required by *Miranda v. Arizona*, 384 U.S. 436 (1966) and Article 31(d) of the Uniform Code of Military Justice, before he made inculpatory statements to the military investigators. At his court-martial, Mr. Spindle argued his statements to the military investigators were not voluntary, and he moved to suppress these statements. After hearing evidence and arguments on the motion to suppress, the military judge concluded Mr. Spindle's statements were voluntary and made following proper warnings. Although Mr. Spindle failed to challenge the military judge's ruling on direct appeal, he did argue that his statements were made without receiving proper warnings in his

subsequent petition for a military writ of habeas corpus.  However, the military court of criminal appeals denied his petition.

As determined by the district court in its order denying Mr. Spindle's habeas petition, we believe the military courts have given full and fair consideration to Mr. Spindle's claim that he did not receive proper warnings before making inculpatory statements.  Because Mr. Spindle has made no showing that the military courts employed improper legal standards or committed errors of constitutional magnitude with respect to this claim, we conclude no further consideration is warranted.

Finally, Mr. Spindle contends the district court should have granted him habeas relief because he was improperly convicted by a two-thirds vote and because the military judge failed to properly instruct the jury that a three-fourths vote is required to sentence a defendant to life imprisonment.  The Uniform Code of Military Justice provides, in pertinent part, "[n]o person may be convicted of any [crime for which the death penalty is not mandatory], except ... by the concurrence of two-thirds of the members present at the time the vote is taken." 10 U.S.C. § 852(a)(2) (1994).  We have previously held that this two-thirds voting requirement satisfies the requirements of due process. *Mendrano v. Smith*, 797

F.2d 1538, 1544-47 (10th Cir. 1986). In the present case, Mr. Spindle was convicted of crimes for which the death penalty was not mandatory. Consequently, his conviction on the basis of two-thirds vote was not improper.

Once the court members determine a defendant is guilty, the members must deliberate on the sentence. 10 U.S.C. § 852(b)(2) provides "[n]o person may be sentenced to life imprisonment or to confinement for more than ten years, except by the concurrence of three-fourths of the members present at the time the vote is taken." At Mr. Spindle's court-martial, the court members were instructed that in determining Mr. Spindle's sentence, "[they] will ... vote on secret written ballot on each proposed sentence in its entirety beginning with the least severe until a sentence is adopted by the required concurrence of three-fourths of the members, that is seven -- excuse me six of the seven members now present." Thus, contrary to Mr. Spindle's contentions, it is clear the court properly instructed the court members that a three-fourths vote was required to sentence Mr. Spindle.

Based upon the foregoing reasons, we conclude Mr. Spindle is not entitled to habeas corpus relief. Hence, we **AFFIRM** the district court's denial and dismissal of Mr. Spindle's petition for a writ of habeas corpus. However, having recently held that habeas proceedings under 28 U.S.C. § 2241 are not "civil

actions" subject to the filing fee provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)(2) and (b), *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997), we **REMAND** to the district court with instructions to vacate its order assessing Mr. Spindle docket fees.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge