

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-16-2008

# Thomas Spindle v. US Exec Branch Govt

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2497

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Thomas Spindle v. US Exec Branch Govt" (2008). *2008 Decisions.* Paper 534.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/534

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-278                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2497
_____

THOMAS W. SPINDLE,

                                    Appellant

v.

THE UNITED STATES EXECUTIVE BRANCH;
THE COMMANDER IN CHIEF

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-04491)
District Judge:  Honorable Robert S. Kugler

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 21, 2008

Before:   AMBRO, FUENTES AND JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 16, 2008)

_____

OPINION
_____

PER CURIAM

        Appellant Thomas W. Spindle, a military prisoner serving his sentence at the

Federal Correctional Institution at Fairton , New Jersey, was convicted in June 1982 by a

general court martial at Fort Shafter, Hawaii, of felony murder, attempted sodomy, assault with intent to commit sodomy, and indecent acts with a child under sixteen years of age. The evidence included primarily the testimony of an eyewitness, Private Joseph Courtney, and Spindle's admission that he was present at the scene of the murder. Spindle was sentenced to life imprisonment. Clifford B. Hubbard was convicted of the same crimes in the same court martial. Spindle appealed to the Army Court of Military Review. That court dismissed his assault conviction but affirmed the remaining convictions and sentence. Spindle then unsuccessfully sought review of his convictions in the United States Court of Military Appeals. See generally Spindle v. Tillery, 124 F.3d 217, *1 (10th Cir. 1997) (table) (unpublished disposition).

On January 26, 1990, Spindle filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in United States District Court for the District of Kansas, asserting nine claims of error. The District Court in that case determined that he was not entitled to relief and dismissed the petition. The United States Court of Appeals for the Tenth Circuit affirmed. On March 16, 1995, Spindle filed a second petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Kansas District Court. In his second petition, Spindle raised the following claims of error: (1) the government withheld exculpatory evidence of fingerprint evidence removed from the victim's body; (2) he was denied the right to confrontation when the prior testimony of Private Courtney was admitted at trial; (3) military investigators failed to give proper warnings before eliciting inculpatory

2

statements from him; (4) he received ineffective assistance of counsel; and (5) he was improperly convicted by a two-thirds vote and the jury was not properly instructed on the vote necessary to impose life imprisonment. The District Court again determined that relief was not warranted, and again the Tenth Circuit affirmed, on September 3, 1997. In particular, the Tenth Circuit held that the exculpatory evidence claim concerning the latent fingerprint was unexhausted because Spindle did not present it to the military courts. The Tenth Circuit conducted a cause and prejudice analysis and determined that Spindle could not show actual prejudice. The court reasoned that, because as many as four people were involved in the events leading up to the murder, even if the fingerprints were shown to belong to someone else, this would not establish a probability that Spindle would be acquitted. See id. at *2. The United States Supreme Court denied certiorari.

On February 14, 2001, Spindle filed another section 2241 habeas corpus petition, this time in United States District Court for the Middle District of Pennsylvania.[1] He raised three claims, including that the Tenth Circuit erred in denying him habeas corpus relief on a procedural ground, the Secretary of the Army failed to conduct a proper review of his complaint that he was wrongfully convicted by improper Criminal Investigation Command conduct, and the United States Parole Commission violated his constitutional rights by setting a fifteen-year reconsideration date based on the nature of his offense conduct. Spindle claimed that he was factually innocent because evidence of a latent

---

[1] Spindle was at that time incarcerated at FCI-Allenwood.

3

fingerprint lifted from the victim would have shown the existence of an as yet unidentified culpable individual. The District Court in that case held that it lacked jurisdiction to review Spindle's challenge to the Tenth Circuit's decisions, and it also rejected Spindle's attempt to relitigate claims rejected in the prior section 2241 proceedings on the ground that this amounted to an abuse of the writ under 28 U.S.C. § 2244(a). The District Court also denied the parole claim.

Spindle appealed to this Court, and we affirmed in Spindle v. Sec'y of the Army, No. 02-2257 (3d Cir. January 3, 2003), holding that disagreement with the basis for a decision on a prior section 2241 petition does not confer license to relitigate claims in a successive section 2241 proceeding, see 28 U.S.C. § 2244(a). Because Spindle sought another round of review on the same assertion of actual innocence, the District Court correctly refused to revisit the issue. In addition, we noted that Spindle offered no evidence different from that which he presented in the prior section 2241 proceedings. We considered the fingerprint evidence assertion in light of the evidence at trial and concluded that he had not shown that no juror acting reasonably would have found him guilty beyond a reasonable doubt, see Schlup v. Delo, 513 U.S. 298, 329 (1995). Spindle also failed to show any basis to warrant discovery on his claims, and thus the District Court did not abuse its discretion insofar as it refused to grant discovery. We affirmed the denial of the parole claim. The United States Supreme Court denied certiorari.

At issue in the instant appeal is Spindle's filing on September 19, 2007, of another section 2241 habeas corpus petition, this time in United States District Court for the District of New Jersey. In it, he claimed that we erred in affirming the decision in his prior case, Spindle v. Sec'y of the Army, No. 02-2257, and that his claim of withheld exculpatory evidence concerning the latent fingerprint has never been given full consideration. He further contended that the abuse of the writ doctrine does not apply to military prisoners bringing habeas corpus actions. In an order entered on May 2, 2008, the District Court dismissed the petition, holding that it had no authority to review the decision of a federal circuit court, and the petition in any event was successive and an abuse of the writ. The District Court subsequently denied a timely filed motion for reconsideration.

Spindle appeals. Our Clerk granted him leave to appeal in forma pauperis and advised him that his appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary. See Cristin v. Brennan, 281 F.3d 404, 409 (3d Cir. 2002).

We will summarily affirm the orders of the District Court dismissing the habeas corpus petition and denying reconsideration, because it clearly appears that no substantial question is presented by this appeal. See Third Circuit LAR 27.4 and I.O.P. 10.6. We have carefully reviewed his submissions, but it is evident that Spindle again has offered

5

no evidence different from that which he presented in his prior section 2241 proceedings. We see no basis for allowing this successive section 2241 petition to proceed on the merits and consequently conclude that the District Court did not err in dismissing it. Furthermore, as before, Spindle has not shown that no juror acting reasonably would have found him guilty beyond a reasonable doubt, see Schlup, 513 U.S. at 329.

For the foregoing reasons, we will summarily affirm the District Court's Orders dismissing the habeas corpus petition and motion for reconsideration. See Third Cir. LAR 27.4 and I.O.P. 10.6. Appellant's motion for summary reversal or remand is denied as moot.