Michael C. WATSON,
Petitioner-Appellant,

v.

Colonel O.L. McCOTTER,
Respondent-Appellee.

No. 84–1675.

United States Court of Appeals,
Tenth Circuit.

Jan. 21, 1986.

Keith A. Rosenberg of Meyer, Faller & Weisman, Washington, D.C. (Terence A. Lober of Crow and Lober, Leavenworth, Kan., with him on brief), for petitioner-appellant.

Alleen S. Castellani, Asst. U.S. Atty. (Benjamin L. Burgess, Jr., U.S. Atty., with her on brief), Dist. of Kan., Topeka, Kan., for respondent-appellee.

Before HOLLOWAY, Chief Judge, LOGAN, Circuit Judge, and WINDER, District Judge.*

LOGAN, Circuit Judge.

This appeal is from the district court's summary dismissal of petitioner Michael C. Watson's application for writ of habeas corpus filed under 28 U.S.C. § 2241. Watson currently is serving a ten-year court-martial sentence for rape and forcible sodomy, violations of Articles 120 and 125 of the Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925.

The district court dismissed the petition, without issuing an order to show cause or holding an evidentiary hearing, on the ground that the military tribunals previously had given "full and fair consideration" to Watson's ineffective assistance of counsel claim, despite the absence of any evidentiary hearing on the issue by a military court.

Watson was convicted in 1981 before a general court-martial. He appealed his

---

* Honorable David K. Winder, United States District Judge for the District of Utah, sitting by designation.

conviction to the Army Court of Military Review on due process and ineffective assistance of counsel grounds; after a hearing that court affirmed his conviction and sentence. The United States Court of Military Appeals denied further review.

Watson then filed this application for a writ of habeas corpus, a supporting brief, and a request for a hearing in the United States District Court for the District of Kansas, the district in which he is imprisoned. He again raised ineffective assistance of counsel and due process challenges to his confinement. Two days after this filing, the district court *sua sponte* denied the writ. This appeal raises only the ineffective assistance claim.

When a military decision has dealt "fully and fairly" with an allegation raised in a habeas petition, "it is not open to a federal civil court to grant the writ simply to reevaluate the evidence." *Burns v. Wilson*, 346 U.S. 137, 142, 73 S.Ct. 1045, 1048, 97 L.Ed. 1508 (1953) (plurality opinion). In *Burns* the district court had dismissed the petitioners' application for habeas corpus without hearing evidence, because it was satisfied that the court-martial had jurisdiction over the prisoners, crimes, and sentences. *Id.* at 138, 73 S.Ct. at 1046. The court of appeals gave the petitioners' claims full consideration on the merits; it reviewed the evidence in the trial record and other military court proceedings before deciding to uphold the convictions. *Id.* at 139, 73 S.Ct. at 1047. In reviewing these actions, the Supreme Court was willing to expand the scope of review available in federal courts slightly beyond purely jurisdictional concerns, but it found that the court of appeals had gone too far. *Id.* at 146, 73 S.Ct. at 1050. The petitioners had failed to show that the military review was

"legally inadequate" to resolve their claims. *Id.* Without such a showing, the federal court could not reach the merits. *Id.*

In *Burns* the military review of the case had included review by the Staff Judge Advocate, a decision of the Board of Review in the office of the Judge Advocate General, a decision of the Judicial Council in the Judge Advocate General's office after briefs and oral argument, a recommendation by the Judge Advocate General, an action by the President confirming the sentences, and a decision by the Judge Advocate General to deny petitions for new trials. *Id.* at 144, 73 S.Ct. at 1049. The Court deemed it clear, under those circumstances, that the military courts had given full and fair consideration to each claim. *Id.*

Although there has been inconsistency among the circuits on the proper amount of deference due the military courts and the interpretation and weight to be given the "full and fair consideration" standard of *Burns*,[1] this circuit has consistently granted broad deference to the military in civilian collateral review of court-martial convictions. *See, e.g., Kehrli v. Sprinkle*, 524 F.2d 328, 331 (10th Cir.1975), *cert. denied*, 426 U.S. 947, 96 S.Ct. 3165, 49 L.Ed.2d 1183 (1976); *King v. Moseley*, 430 F.2d 732, 735 (10th Cir.1970); *Kennedy v. Commandant*, 377 F.2d 339, 342 (10th Cir.1967).[2] Although we have applied the "full and fair consideration" standard, we have never attempted to define it precisely. Rather, we have often recited the standard and then considered or refused to consider the merits of a given claim, with minimal discussion of what the military courts actually did.

---

1. The Fifth Circuit discussed the debate over the *Burns* test in its opinion in *Calley v. Callaway*, 519 F.2d 184, 198–99 nn. 21–22 (5th Cir.1975).

2. The Tenth Circuit cases applying the *Burns* standard have addressed a wide variety of claims. *See, e.g., Wolff v. United States*, 737 F.2d 877 (10th Cir.) (due process and confrontation claims), *cert. denied*, — U.S. —, 105 S.Ct. 575, 83 L.Ed.2d 514 (1984); *Palomera v. Taylor*, 344 F.2d 937 (10th Cir.) (competence to stand

trial and ineffective assistance of counsel claims), *cert. denied*, 382 U.S. 946, 86 S.Ct. 405, 15 L.Ed.2d 354 (1965); *Gorko v. Commanding Officer*, 314 F.2d 858 (10th Cir.1963) (jurisdictional, speedy trial, and double jeopardy claims); *Thomas v. Davis*, 249 F.2d 232 (10th Cir.1957) (involuntary confession claim), *cert. denied*, 355 U.S. 927, 78 S.Ct. 385, 2 L.Ed.2d 358 (1958).

We will entertain military prisoners' claims if they were raised in the military courts and those courts refused to consider them. *See Burns*, 346 U.S. at 142, 73 S.Ct. at 1048; *Dickenson v. Davis*, 245 F.2d 317, 320 (10th Cir.1957), *cert. denied*, 355 U.S. 918, 78 S.Ct. 349, 2 L.Ed.2d 278 (1958). We will not review petitioners' claims on the merits if they were not raised at all in the military courts, *see, e.g.*, *McKinney v. Warden*, 273 F.2d 643, 644 (10th Cir.1959), *cert. denied*, 363 U.S. 816, 80 S.Ct. 1253, 4 L.Ed.2d 1156 (1960); *Suttles v. Davis*, 215 F.2d 760, 763 (10th Cir. 1954). When an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion. *See King*, 430 F.2d at 735.

There is no indication in any of our decisions that the military must provide an evidentiary hearing on an issue to avoid further review in the federal courts. On the contrary, less than an evidentiary hearing has amounted to "full and fair consideration." We decline to adopt a rigid rule requiring evidentiary hearings for ineffective assistance of counsel claims.[3]

We hold that the military did give full and fair consideration to the ineffective assistance of counsel claim at issue in this case. Although the military courts did not afford Watson an evidentiary hearing on his claim,[4] he did receive a hearing on his ineffective assistance claim in his appeal to the Army Court of Military Review. That court's opinion expressly considered the explanations of Watson's trial counsel in a post-trial affidavit and demonstrated that the military court examined the trial record of the court-martial. In *Burns* the Supreme Court relied in part on its belief that the military courts had scrutinized the trial record before rejecting the petitioners' claims. *Burns*, 346 U.S. at 144, 73 S.Ct. at 1049.

Under the circumstances of this case, it was unnecessary for the district court to issue an order to show cause or to hold an evidentiary hearing. It appeared from the application, even without the trial record, that Watson was not entitled to relief. *See* 28 U.S.C. § 2243. We therefore AFFIRM the district court's dismissal of the application for a writ of habeas corpus.

---

3. Watson correctly argues that the determination of an ineffective assistance of counsel claim requires evaluation of a mixed question of law and fact. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). And generally we grant no deference to a *state* court determination of federal constitutional law on habeas corpus, *Townsend v. Sain*, 372 U.S. 293, 318, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963), with exceptions in Fourth Amendment cases. *See Stone v. Powell*, 428 U.S. 465, 482, 96 S.Ct. 3037, 3046, 49 L.Ed.2d 1067 (1976). The *Burns* court, however, stated specifically that the deference due the military was greater than that due state courts. *Burns*, 346 U.S. at 142, 73 S.Ct. at 1048.

Thus Watson's reliance on cases involving civilian petitioners is misplaced.

4. The military courts have set up a procedure for supplementary evidentiary hearings when a convicted person raises issues about which there is a factual dispute that cannot be settled with mere examination of the record. *See United States v. DuBay*, 17 C.M.A. 147, 149, 37 C.M.R. 411 (1967). Although supplementary hearings have been authorized when the issue was ineffective assistance of counsel, *United States v. Scott*, 18 M.J. 629, 631 (N.M.C.M.R. 1984), they are not always necessary. *See United States v. Rivas*, 3 M.J. 282, 286 (C.M.A.1977).