**Albert G. DEES, Petitioner,**

v.

**UNITED STATES COMMANDANT, Respondent.**

**No. 88–3089–O.**

United States District Court, D. Kansas.

Aug. 28, 1990.

Albert G. Dees, Ft. Leavenworth, Kan., pro se.

D. Brad Bailey, Asst. U.S. Atty., Topeka, Kan., for respondent.

## ORDER

ROGERS, District Judge.

This matter is before the court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, an inmate at the United States Disciplinary Barracks, Fort Leavenworth, Kansas, claims: (1) the prosecution failed to meet its burden of proof because there was insufficient evidence to show that the victims suffered physical abuse or trauma; (2) the jury was not fair or impartial; (3) his constitutional rights were violated by admission of a note from petitioner to his wife in connection with his obstruction of justice charges; (4) the military judge erred by allowing the note from petitioner to his wife to be admitted into evidence; (5) the sentence imposed is too severe and violates the eighth amendment prohibition against cruel and unusual punishment; (6) the sentence exceeds the normal sentence standards; (7) during the sentencing rehearing, the military judge erred by failing to consider specifications 1 and 3 and specifications 2 and 5 of the sodomy charge as multiplicitous; (8) ineffective assistance of counsel; (9) the military judge erred by failing to exclude evidence of prior physical abuse by petitioner; (10) the military judge erred by allowing the court-martial members to find that two of the charged offenses occurred on a date different than the date set forth in the original specifications; and (11) the military judge erred by refusing to allow petitioner to cross-examine his wife concerning matters that occurred prior to the crimes for which petitioner was convicted. The court issued a show cause order. The government filed an answer and return, and petitioner filed a reply thereto. Having reviewed the pleadings and materials filed in this case, including petitioner's latest supplemental brief, the court makes the following findings and order.

Petitioner, while serving on active duty in the United States Marine Corps, was convicted by a general court-martial in 1983 of five specifications of committing sodomy upon a child under the age of sixteen, and two specifications of obstructing the administration of justice, in violation of Articles 125 and 134 of the Uniform Code of Military Justice. Petitioner was sentenced to 45 years confinement, forfeiture of all pay and allowances, reduction to the lowest enlisted pay grade, and dishonorable discharge from the Marine Corps. The convening authority approved the findings and sentence.

On appeal, petitioner presented four grounds of error to the Navy–Marine Corps Court of Military Review (NMCMR). NMCMR found merit in three of petitioner's assignments of error and ordered a rehearing on petitioner's sentence. At the sentence rehearing, the military judge modified petitioner's sentence to confinement at hard labor for 37 years, forfeiture of all pay and allowances, reduction to the lowest enlisted pay grade, and dishonorable discharge from the Marine Corps. The convening authority, after review of petitioner's assertions of error, approved the modified sentence, but further reduced the period of confinement from 37 to 24 years and suspended the forfeiture of allowances for the remainder of petitioner's enlistment.

Petitioner again appealed to NMCMR, asserting his sentence was inappropriately severe. NMCMR concluded that "no error materially prejudicial to the substantial rights of the appellant was committed" and affirmed petitioner's conviction and sentence. Petitioner then filed a petition for grant of review with the Court of Military Appeals (CMA), submitting the case on its merits without specific assignment of errors. CMA denied the petition for review.

Petitioner filed a petition for writ of habeas corpus which this court dismissed without prejudice because petitioner failed to exhaust his military court remedies. Petitioner then filed correspondence and a "Petition for Review of Unexhausted Issues" which CMA construed as a petition for extraordinary relief. CMA summarily denied these petitions.

Petitioner then filed his second and present writ for habeas relief. A show cause order issued and petitioner filed a traverse to the government's response.

■ This court's collateral review of court-martial decisions is limited to determining whether the court-martial and military appellate tribunals gave full and fair consideration to constitutional claims raised in the application for habeas relief. *Burns v. Wilson*, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953); *Watson v. McCotter*, 782 F.2d 143, 144 (10th Cir.), *cert. denied*, 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986); *King v. Moseley*, 430 F.2d 732, 734–35 (10th Cir.1970). If the military courts refused to consider the claims, a civil court may consider the claim de novo, but if the claims were considered, a civil court cannot re-evaluate the evidence. *Burns*, 346 U.S. at 142, 73 S.Ct. at 1048–49. This rule also bars review of issues asserted for the first time in a civil appeal which were not raised in the military courts even though there was opportunity to do so. *Watson*, 782 F.2d at 145.

■ In the present case, the court finds that petitioner's claims were given full and fair consideration by the military courts. None of the errors asserted by petitioner appear to be of substantial constitutional dimension and largely free of factual questions. *Mendrano v. Smith*, 797 F.2d 1538, 1542 n. 6 (10th Cir.1986). Although CMA did not grant review on any of the claims, the refusal does not render petitioner's conviction constitutionally defective. See *Arizona v. Washington*, 434 U.S. 497, 517, 98 S.Ct. 824, 836, 54 L.Ed.2d 717 (1978). Rather, the denial serves *sub silentio* as affirmation of the lower courts' decisions, and constitutes full and fair consideration of the issues presented. See, e.g., *Watson*, 782 F.2d at 143. Military appellate courts review the record for error whether or not errors are assigned by the appellant. See 10 U.S.C. § 866 (independent *de novo* review of entire record required, cannot approve conviction or sentence it believes to be incorrect); *United States v. Grostefon*, 12 M.J. 431, 436 n. 12 (CMA 1982) (records of all cases submitted for review are examined). In conclusion, the court finds no basis for disturbing the findings of the military courts.

IT IS THEREFORE ORDERED that this action be dismissed and all relief denied.