Dwayne Keith JEFFERSON, Petitioner,

v.

Col. Larry B. BERRONG, or
Commandant, Respondent.

No. 89–3331–R.

United States District Court,
D. Kansas.

Jan. 28, 1992.

See also 22 M.J. 315.

Dwayne Keith Jefferson, pro se.

D. Brad Bailey, U.S. Attorney's Office,
Topeka, Kan., for respondent.

## ORDER

ROGERS, District Judge.

Petitioner is currently incarcerated at United States Disciplinary Barracks, Fort Leavenworth, Kansas. He proceeds on a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner seeks to set aside his military conviction, and alleges numerous constitutional errors occurred during his court-martial. Respondent filed an answer and return to the petition, and petitioner filed a traverse thereto.

Petitioner alleges the following constitutional errors in his military court-martial proceeding and appeals therefrom. First, petitioner claims he was denied due process guarantees when the government suppressed evidence favorable to the accused and failed to provide petitioner with a copy of his court-martial record of trial. Second, petitioner claims the government lacked jurisdiction to proceed against petitioner because an illegal warrant was used in his arrest. Third, petitioner alleges the government violated the fifth amendment by not advising petitioner of his *Miranda*

rights when he was arrested. Fourth, petitioner claims he was denied a fundamentally fair trial by evidentiary rulings that (a) admitted altered evidence in the trial, (b) admitted fingerprint evidence introduced without petitioner's favorable witness being present, (c) admitted as evidence a prejudicial letter without proper authentication, and (d) admitted contradictory autopsy evidence. Finally, petitioner claims he was denied effective assistance of counsel by trial and appellate counsel.[1]

Having carefully reviewed the complete record the court determines that an evidentiary hearing is not necessary. *See Townsend v. Sain,* 372 U.S. 293, 318, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963); *Cartwright v. Maynard,* 802 F.2d 1203, 1216 (10th Cir. 1986), *aff'd.* 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988).

*Factual and Procedural Background*

Petitioner was convicted by general court-martial on a charge of felony murder for the death of a taxi driver in Germany. Under the specification of the charge, the taxi driver was shot in the head during the course of a robbery by petitioner and two other soldiers. Petitioner was sentenced to a reduction in grade to E–1, forfeiture of $573 a month for 14 months or until discharged from the service, confinement at hard labor for the rest of his life, and a dishonorable discharge from the service. The Convening Authority modified the term of imprisonment at hard labor to 50 years, and approved the remainder of the sentence.

Petitioner, through appellate counsel, filed an assignment of errors and an appellate brief before the Army Court of Military Review (ACMR), in which petitioner challenged, in part, the jury instruction regarding felony murder, and the admission of evidence, without proper authentication, of an incriminating letter purportedly written by petitioner.[2] Petitioner personally presented additional allegations of error, including (1) the illegality of his arrest warrant and the resulting lack of jurisdiction by military authorities, (2) the government's failure to advise petitioner of his *Miranda* rights at arrest, (3) the use of altered evidence, use of evidence not properly authenticated, and use of fingerprint evidence, (4) the government's use of perjured testimony of petitioner's co-defendant, and (5) the ineffective assistance of trial counsel. The ACMR affirmed the conviction and sentence, as approved by the convening authority.

Petitioner then appealed to the Court of Military Appeals (CMA) and his counsel raised four issues, including admission of the copy of the redacted and prejudicial letter. Petitioner personally raised additional allegations, including the ineffective assistance of his appellate counsel before the ACMR. While the petition for review was pending before the CMA, petitioner filed a petition for new trial, claiming his co-defendant recanted the damaging testimony given at petitioner's court-martial. The CMA denied the petition for a new trial, and after hearing oral argument on selected issues, affirmed the decision of the ACMR.

*Scope of review*

■ The scope of federal court review of a military court-martial proceeding was recently examined in *Dodson v. Zelez,* 917 F.2d 1250 (10th Cir.1990). The Tenth Circuit Court of Appeals recognized the standard set in *Burns v. Wilson,* 346 U.S. 137,

---

1. Petitioner requests appointment of counsel in this habeas proceeding. Having examined the record, the issues raised, and the arguments presented by petitioner and respondent, the court finds petitioner has adequately presented his legal arguments to the court. Petitioner's request for appointed counsel is denied.

   Petitioner also requests the court's assistance in providing petitioner with a copy of his court-martial record of trial. For the reasons later set forth in this opinion, the court denies this request.

2. Petitioner's appellate counsel claimed the letter was highly prejudicial to petitioner because in it, petitioner admitted he owned the murder weapon, that he sat next to the murder victim when the victim was shot, that he gave the weapon to the co-defendant who actually shot the victim, and that he and the co-defendant were picked up by another person in petitioner's unit immediately after the shooting. These admissions corroborated the co-defendant's court-martial testimony against petitioner.

73 S.Ct. 1045, 97 L.Ed. 1508 (1957), wherein the United States Supreme Court held that "when a military decision has dealt fully and fairly with an allegation raised in that application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence ..." and that "[i]t is the limited function of the civil courts to determine whether the military have given fair consideration to each of these claims" *Dodson,* 917 F.2d at 1252 (quoting *Burns,* 346 U.S. at 142, 144, 73 S.Ct. at 1049, 1050). The Tenth Circuit then acknowledged that this circuit's interpretation of *Burns* has not been clear, and adopted four factors for determining whether review of a military conviction on habeas corpus was appropriate:

> "(1) The asserted error must be of substantial constitutional dimension ... (2) The issue must be one of law rather than of disputed fact already determined by the military tribunals ... (3) Military considerations may warrant different treatment of constitutional claims ... (4) The military courts must give adequate consideration to the issues involved and apply proper legal standards." (Citations omitted)

*Dodson,* 917 F.2d at 1252–53. As specifically recognized and stated in *Dodson,* application of these four factors "still place[s] a large amount of discretion in the hands of the federal courts." *Id.* at 1253.

It is also fundamental that full and complete exhaustion of remedies available in the military must be established as a prerequisite to any collateral review by a federal court for error. *Schlesinger v. Councilman,* 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975); *Khan v. Hart,* 943 F.2d 1261 (10th Cir.1991).

*Discussion*

Before assessing which of petitioner's claims against the court-martial proceeding and appeals therefrom should be reviewed, the court considers two issues raised by

petitioner that are somewhat collateral to the complained of military proceedings. First, the court finds no factual basis in the record for petitioner's claim that he is being denied favorable evidence in the government's possession. It appears that petitioner relies on a crime reporting computer printout that indicates petitioner was charged with attempted murder in Germany, and not felony murder. From this, petitioner concludes there exists a secret FBI file that is favorable to petitioner, and that nondisclosure of this file demonstrates governmental abuse and persecution of petitioner. The court finds this claim to be fanciful and without merit.

Second, the court finds no merit to petitioner's claim that the government denied petitioner a copy of his military trial transcript. It is clear from petitioner's pleadings that petitioner at one time was provided with a copy of the transcribed proceedings. There is no allegation that Article 54 of the Uniform Code of Military Justice was violated.[3] Apparently, petitioner mailed his copy of the record to a certain party for review, and when that party mailed the documents to petitioner's mother, the material was lost in the mail. Petitioner, in a leap of logic which assumes bad faith by the government, concludes the government interceded in the operation of the post office to prevent the transcripts from being delivered. The court finds this claim to be wholly speculative and without factual basis.[4]

Turning to petitioner's remaining issues, the court finds application of the *Dodson* factors to these claims results in the court finding it appropriate to review only petitioner's claim of ineffective assistance of counsel.

Specifically, the court rejects petitioner's claim that the military had no jurisdiction to prosecute petitioner because the arrest

---

**3.** *See* 10 U.S.C. § 854(d): "A copy of the record of the proceedings of each general and special court-martial shall be given to the accused as soon as it is authenticated."

**4.** The court also rejects the claim, to any extent it is raised, that petitioner is denied due process by not having transcripts available for use in the present petition for habeas corpus relief.

warrant was allegedly invalid.[5] Where petitioner raises no complaint regarding the charge and specifications lodged against him, the court knows of no authority for treating an arrest warrant as jurisdictional. The court finds no issue of jurisdiction or of substantial constitutional dimension is presented. Further, that the issue was presented to military courts and proper legal standards were applied. Therefore, no further review of this issue by this court is appropriate.

The court also rejects petitioner's claim that he is entitled to a writ of habeas corpus because he was not advised of his *Miranda* rights when he was arrested. Even if such rights were not explained when petitioner was arrested, such failure is not per se prejudicial. Petitioner fails to allege or demonstrate any prejudice which resulted from this alleged error. Consequently, no issue of substantial constitutional dimension is actually asserted, and no further review by this court is warranted.

Likewise, the court finds no issues of significant constitutional dimension are presented in petitioner's allegations regarding the complained of evidentiary rulings. Even if these claims were to be considered on their merits, petitioner would not be entitled to relief. It is well within the recognized nature of a criminal proceeding that contradictory evidence is presented to the triers of fact for their consideration and determination. Thus, contradictory evidence regarding the color and identification of the victim's wallet, the autopsy findings, and the location and identification of fingerprints were properly presented to the triers of fact. Petitioner fails to demonstrate that the government in any way prevented petitioner from calling or obtaining the presence of a certain fingerprint expert at petitioner's court-martial.[6]

The court finds review of petitioner's allegation that the trial court erred in admitting a copy of a redacted letter purportedly written by petitioner to his congressman is not appropriate as this allegation clearly was adequately considered by the military appellate tribunals and proper legal standards were applied. Even if the decision to admit the letter constituted error, it did not render the court-martial proceeding so fundamentally unfair that due process concerns were implicated.

■ The only remaining issue is whether petitioner was denied effective assistance of counsel by the performances of his trial and appellate counsel. Respondent admits this claim involves an issue of significant constitutional dimension, is an issue that involves a legal, rather than factual determination, and that military considerations would not warrant a different treatment of this constitutional claim. Respondent also contends review of this issue is foreclosed because these claims were given adequate consideration by military tribunals and proper legal standards were applied. The court does not readily accept this last contention.

The record demonstrates that the issue of the effectiveness of petitioner's trial counsel was presented personally by petitioner to the ACMR.[7] The ACMR indicated it considered the issues personally raised by petitioner, and without discussion, found them to be without merit. Similarly, petitioner's allegations regarding the performance of his appellate counsel before the ACMR were presented personally as attached exhibits to the brief prepared by

---

5. Petitioner claims the arrest warrant was signed by a judicial clerk, rather than a judge. Petitioner also indicates that later arrest warrants, properly signed by appropriate authorities, were issued. Rather than demonstrating governmental coverup of a fatal flaw, petitioner demonstrates that any error in the first warrant was rendered harmless.

6. The court further notes that petitioner admits these evidentiary issues were not raised in his military appeals. The court does not accept petitioner's argument that petitioner's failure to exhaust military remedies is excused by the futility of any success on the claims.

7. The ineffectiveness of petitioner's trial counsel was not addressed by petitioner's appellate counsel in the brief prepared for ACMR. Utilizing Rule 23 of the Rules of Practice and Procedure for the Army Court of Military Review, petitioner's appellate counsel moved to attach, as exhibits to the appellate brief, petitioner's concerns regarding the performance of his trial counsel.

appellate counsel before the CMA. The CMA granted review on only the four issues raised by appellate counsel, thus review of petitioner's claim of ineffective assistance of counsel was summarily denied.

The court recognizes that there is authority for holding that all issues raised before the CMA are fully reviewed and considered, even though a summary disposition is entered. *See e.g., Watson v. McCotter,* 782 F.2d 143 (10th Cir.), *cert. denied,* 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986) (summary denial of review constitutes full and fair consideration of issues presented). Given the procedural history in the present case, however, the court is not prepared to apply this holding in as broad a manner as respondents urge in this case.

Presentation of issues before the CMA, and a resulting summary dismissal of those issues, clearly satisfies the requirement that a petitioner of habeas corpus relief must first exhaust available remedies within the military system. But significantly, the court believes such summary dismissal by the CMA, especially of an issue raised for the first time, and where the other three *Dodson* factors are satisfied, does not always evidence the full consideration anticipated under the fourth *Dodson* factor. *See e.g., Khan,* 943 F.2d at 1262 (formulary order of CMA denying relief does not indicate consideration given to petitioner's claims or admit review). If CMA's summary dismissal of such claims is seen as satisfying the fourth *Dodson* standard, then, as in the present case, federal review for constitutional error would automatically be precluded. The court finds this result would not be consistent with the rationale employed in *Dodson* or in *Burns* for determining when federal review of military court-martial proceedings is appropriate. Under the circumstances presented in this case, the court finds that review of petitioner's claim of ineffective assistance of counsel is appropriate.

Accordingly, the court has reviewed petitioner's claim of ineffective assistance of counsel, and finds the record does not support petitioner's claim of constitutional error. It is well recognized that the right to effective assistance of counsel is extended to the military accused by Article 38 of the Uniform Code of Military Justice and by the sixth amendment to the United States Constitution. *U.S. v. Annis,* 5 M.J. 351 (C.M.A.1978). Ineffective assistance of counsel claims are judged under the two prong standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner must satisfy both prongs of the *Strickland* test. First, he must show his attorney failed to exercise the customary skill and diligence that a reasonable competent attorney would perform under the circumstances. Second, he must show he was prejudiced thereby. *Id.,* 466 U.S. at 687, 104 S.Ct. at 2064. Petitioner faces a heavy burden. He must prove his allegations by a preponderance of the evidence, and the court presumes that counsel was competent. *Id.,* 466 U.S. at 689, 104 S.Ct. at 2065.

■ In the present case, the court does not find petitioner's claims of ineffective assistance of his trial and appellate counsel to be persuasive. Petitioner has failed to demonstrate that trial counsel performed below the standard of a reasonably competent attorney under the circumstances. The errors and failings of counsel discussed by petitioner fall well within the range of tactical decisions afforded trial and appellate counsel. The court concludes that petitioner is not entitled to a writ of habeas corpus on this issue.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is dismissed; and that all relief requested by petitioner is denied. The clerk of the court is directed to transmit copies of this Memorandum and Order to petitioner and to the Office of the United States Attorney.