**Elijah EDWARDS, Jr., Petitioner,**

v.

**Col. Marvin NICKELS, Respondent.**

**No. 97–3409–RDR.**

United States District Court,
D. Kansas.

March 27, 2000.

Elijah Edwards, Lewisburg, PA, petitioner pro se.

Tanya S. Wilson, Mary K. Ramirez, Office of United States Attorney, Topeka, KS, for Marvin L. Nickels, Colonel, U.S. Disciplinary Barracks, respondent.

### *ORDER*

ROGERS, District Judge.

This matter is before the court on a petition for a writ of habeas corpus under 28 U.S.C. § 2241, filed by an inmate confined in the United States Disciplinary Barracks in Fort Leavenworth, Kansas.[1] Respondent has filed an Answer and Return, and petitioner has filed a traverse. This matter is ripe for review, and the court enters the following findings and order.

### *FACTUAL BACKGROUND*

Petitioner was found guilty by general court martial on multiple specifications including rape, sodomy, and housebreaking, occurring between March 1990 and June 1991. He was sentenced to a dishonorable discharge, 90 years of confinement, forfeiture of all pay and allowances, and reduction in rank and grade to Private E–1.

In 1995 the Navy–Marine Corps Court of Criminal Appeals (NMCCA) affirmed the findings of guilt and the sentence. The Court of Appeals for the Armed Forces (CAAF) granted petitioner's request for review, and affirmed the NMCCA decision.

1. Petitioner has since been transferred to a

### *STANDARD OF REVIEW*

A federal court has limited authority to review court-martial proceedings. The scope of review is initially limited to determining whether the claims raised by the petitioner were given full and fair consideration by the military courts. *Lips v. Commandant, United States Disciplinary Barracks,* 997 F.2d 808 (10th Cir.1993), *cert. denied,* 510 U.S. 1091, 114 S.Ct. 920, 127 L.Ed.2d 213 (1994). If the issues have been given full and fair consideration in the military courts, the district court should not reach the merits and should deny the petition. *Id.* When a military court decision has dealt fully and fairly with an allegation raised in a federal habeas petition, it is not open to the federal court to grant the writ by reassessing the evidentiary determinations. *Burns v. Wilson,* 346 U.S. 137, 142, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953).

If an issue is brought before the military court and is disposed of, even summarily, the federal habeas court will find that the issue has been given full and fair consideration. *Watson v. McCotter,* 782 F.2d 143, 145 (10th Cir.), *cert. denied,* 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986). If an issue was not raised before the military courts, the federal habeas court will deem that issue waived and not subject to review. *Id.*

Even where the federal court may reach the merits of a petition, its review is limited. In *Dodson v. Zelez,* 917 F.2d 1250 (10th Cir.1990), this limited review was defined by four factors a federal court should consider in its evaluation of a petition for habeas corpus relief from a military conviction: (1) whether the claimed error is of substantial constitutional dimension; (2) whether a legal, rather than a factual, issue is involved; (3) whether military considerations warrant different treatment of constitutional claims such that federal civil court intervention would be inappropriate; and (4) whether the mili-

federal facility in Lewisburg, Pennsylvania.

tary courts have given adequate consideration to the claimed error and applied the proper legal standard. *Id.* at 1252–53.

## DISCUSSION

Petitioner asserts seven grounds for relief in this federal habeas corpus action.

Petitioner first claims the sentence imposed violated his Eighth Amendment right against cruel and unusual punishment. Petitioner acknowledges that Congress specifically excluded application of the Federal Sentencing Guidelines to offenses arising under the Uniform Code of Military Justice (U.C.M.J.), *see* 18 U.S.C. § 3551(a), but argues he was thereby subjected to a sentencing scheme that lacked federal standards and uniformity. Petitioner sought a reduction in sentence by filing a detailed request for clemency. The Staff Judge Advocate reviewed the sentence and found it to be appropriate.

In two claims petitioner contends the voire dire of the court-martial panel members involved judicial bias and ineffective assistance of defense counsel, and that petitioner was thereby denied a fundamentally fair proceeding. Petitioner also argues his counsel failed to aggressively challenge members during voir dire, including one member selected for the panel who admitted that two relatives had been victims of rape.

The NMCCA recognized there was some pretrial publicity in petitioner's case, but that all members affirmatively responded to the court's direction to disregard it, and that members even vaguely remembering the publicity were eliminated on defense challenges or other reasons. An extensive voir dire was conducted, with defense counsel making one peremptory challenge, and successfully challenging six members for cause. The NMCCA found petitioner had not sustained his burden of showing that a change of venue was required, or that counsel's performance and the trial judge's actions were insufficient to ensure an impartial panel. The CAAF affirmed.

Petitioner next claims his court-martial by a vote of 4 of the 5 panel members denied him due process. The NMCCA and CAAF found no constitutional deficiency in the panel's finding of guilt on less than a unanimous vote. *See* Article 52(a)(2), U.C.M.J. (military regulations allows a minimum two-third vote to convict where the death penalty is not mandatory for the charged offenses). *See also, Dodson,* 917 F.2d at 1256 (court-martial conviction on two-thirds concurrence does not violate due process).

Petitioner next alleges constitutional error in the denial of his motion for change of venue. The NMCCA found petitioner failed to show he would be prejudiced if venue was not changed, and found no abuse of discretion by the trial judge in denying petitioner's motion. The CAAF affirmed.

Petitioner further claims he was denied a fair trial when the trial judge failed to declare a mistrial when petitioner discovered during trial that a prosecution witness had earlier failed to identify petitioner in a photo lineup. In denying petitioner's motion, the NMCCA found that the prosecutor had fully complied with discovery rules, that line-up information was available to the defense, and that the witness was available for pre-trial questioning by defense counsel as well as cross-examination during the trial. The CAAF affirmed.

Finally, petitioner claims the admission of DNA evidence denied him due process and the right of confrontation. Petitioner essentially argues the admission of the DNA evidence did not satisfy the standard criteria later established in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

DNA testing of the blood of the victims matched petitioner's DNA to the person who attacked six of the victims. At a pretrial evidentiary hearing, the military judge determined that this DNA evidence could be admitted during trial. In reviewing and rejecting petitioner's claim, the NMCCA specifically considered and ap-

plied *Daubert* principles. The CAAF affirmed.

 There is no dispute that petitioner raised all seven grounds to the military courts, either during his court-martial or during his military appeals. This court's review of the record discloses that the military tribunals gave all claims full and fair consideration under proper legal standards, and thus none of petitioner's claims are appropriate for habeas corpus review, *see Watson,* 782 F.2d at 145, or entitle him to relief under § 2241.

### CONCLUSION

Viewed under the limited standard of review applicable in military habeas corpus actions, the record reveals no basis for granting a writ of habeas corpus under § 2441 on any of petitioner's claims.

IT IS THEREFORE ORDERED the petition for habeas corpus, and all other relief sought by petitioner, is denied.