**Herman RIOS, Jr., Petitioner,**

v.

**Micheal A. LANSING, Commandant, USDB, Respondent.**

No. 00–3037–JTM.

United States District Court, D. Kansas.

Feb. 28, 2002.

---

10. See question 6 on the verdict form.

Herman Rios, Jr., Fort Leavenworth, KS, Pro se.

James G. Chappas, Jr., Topeka, KS, for Petitioner.

Jackie A. Rapstine, Office of the United States Attorney, Topeka, KS, for Respondent.

## MEMORANDUM ORDER

MARTEN, District Judge.

Plaintiff Herman Rios, Jr., an inmate of the United States Disciplinary Barracks, Fort Leavenworth, Kansas, has filed the present action challenging his incarceration following a court-martial. Currently before the court is the motion to dismiss of the respondent, Micheal A. Lansing, Commandant of the United States Disciplinary Barracks. For the reasons stated herein, the court must grant the respondent's motion.

Rios was tried by general court-martial at Travis Air Force Base, California on charges of rape, forcible sodomy, assault and battery, and indecent acts and liberties with a child in violation of Uniform Code of Military Justice (UCMJ) Articles 120, 125, 128, and 134 (10 U.S.C. §§ 920, 925, 928, 934). All offenses charged relat-

ed to Rios's alleged acts against his daughter. The military judge, sitting alone, convicted petitioner on all counts. Rios was sentenced to a dishonorable discharge, eighteen years confinement, forfeiture of all pay and allowances, and reduction to E–1, the lowest enlisted grade.

Rios appealed his conviction to the Air Force Court of Criminal Appeals (AFCCA), arguing that the evidence was legally and factually insufficient to establish his guilt beyond a reasonable doubt. He also argued that the military judge committed prejudicial error by admitting statements he made to his daughter and to a civilian social worker. On January 15, 1997, the AFCCA slightly modified his conviction for assault and battery, but otherwise affirmed the findings and the sentence. *United States v. Rios,* 45 M.J. 558 (A.F.Ct. Crim.App. 1997).

On January 15, 1997, in a separate opinion, the AFCCA also denied petitioner's motion for a new trial. Rios had presented a statement from his daughter, stating that she lied in her testimony and that the offenses did not occur. The court, however, found the victim's original testimony credible and corroborated, and also stated that it was not uncommon for victims of child abuse to later recant their testimony. *United States v. Rios,* No. 96–10 (A.F.Ct. Crim.App. Jan. 15.1997).

The Court of Appeals for the Armed Forces (CAAF) granted Rios's request for review. 48 M.J. 329 (CAAF 1997). In his appeal to CAAF, Rios raised two issues, one of which concerned the admissibility of statements made by petitioner to his daughter. The second issue concerned whether the AFCCA erred in denying petitioner's motion for a new trial. The CAAF resolved both issues against Rios. *United States v. Rios,* 48 M.J. 261 (U.S. Armed Forces 1998). The court subsequently denied Rios's petition for reconsideration on February 18, 1999.

Rios petitioned the United States Supreme Court for a writ of certiorari. The petition was denied. *Rios v. United States,* 525 U.S. 1156, 119 S.Ct. 1063, 143 L.Ed.2d 67 (1999).

Rios filed a Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus pursuant to the All Writs Act, 28 U.S.C. § 1651(a) in the AFCCA on August 18, 1999. Rios advanced three grounds for relief: that the introduction of evidence relating to a telephone conversation with his daughter violated the Fifth Amendment, as he was compelled to be a witness against himself; that he was denied the right of confrontation against the social worker investigating the case; and that he was denied effective assistance of counsel because his appellate defense counsel did not properly present the first two constitutional errors on appeal. The AFCCA denied his request on August 26, 1999. Rios sought review of the AFCCA's denial to CAAF. The appeal was denied on December 9, 1999.

■■■■ This court, which possesses only a limited power of review over the decisions rendered by court-martial, must grant the motion to dismiss in light of the facts and history of the case.

> The military has its own independent criminal justice system governed by the Uniform Code of Military Justice. 10 U.S.C. §§ 801–940. The code is all-inclusive and provides, *inter alia,* for courts-martial, appellate review, and limited certiorari review by the United States Supreme Court.... Because of the independence of the military court system, special considerations are involved when federal civil courts collaterally review courts-martial convictions.

*Lips v. Commandant, U.S. Disciplinary Barracks,* 997 F.2d 808, 810 (10th Cir. 1993). Pursuant to *Burns v. Wilson,* 346 U.S. 137, 142, 73 S.Ct. 1045, 97 L.Ed. 1508

(1953), the court can review such decisions only where the issues involved have not received full and fair consideration by the military courts. Federal courts are not to reassess evidence or re-litigate the case. A review is appropriate if (1) the asserted error is of a substantial constitutional dimension, (2) the alleged error is one of law rather than of disputed fact previously determined by a military court, (3) military considerations do not justify different treatment of constitutional claims, and (4) the military courts have failed to give adequate consideration to the issues involved or applied improper legal standards. *Dodson v. Zelez,* 917 F.2d 1250 (10th Cir.1990) (*citing Calley v. Callaway,* 519 F.2d 184 (5th Cir.1975), *cert. denied,* 425 U.S. 911, 96 S.Ct. 1505, 47 L.Ed.2d 760 (1976); *Mendrano v. Smith,* 797 F.2d 1538, 1542 n. 6 (10th Cir.1986); *Dickenson v. Davis,* 245 F.2d 317, 320 (10th Cir.1957); *King v. Moseley,* 430 F.2d 732, 734–35 (10th Cir. 1970); *Watson v. McCotter,* 782 F.2d 143, 145 (10th Cir.1986)). Review by habeas corpus is not permitted if the military courts have fully and fairly addressed an issue. *See Lips,* 997 F.2d at 811. If the issues presented by habeas corpus to a district court have been given full and fair consideration by the military courts, the district court must deny the petition. *Lips,* 997 F.2d at 810; *Watson,* 782 F.2d at 145. Nor may the court grant relief if the issue without excuse was not raised before the military tribunals. *Lips,* 997 F.2d at 812.

 Here, Rios first contends that the admission of evidence from a telephone call he had with his daughter after she had reported his sexual contacts violated his protection against self-incrimination. He contends that admission of his comments to a civilian social worker also violated his rights. Finally, he contends that he received ineffective assistance of appellate counsel. These issues have been previously addressed in the military appellate

courts, and this court finds no basis herein for finding the decisions of those military appellate courts did not fully and fairly address those claims. The AFCCA and CAAF addressed the issues both at the time of the initial appeal of the court-martial conviction, and at the time of the Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus in 1999. The written decisions of those courts' opinions reveal that the courts carefully considered, and rejected, the claims of error regarding the admittance at trial of the telephone conversation with Rios's daughter and the statements petitioner made to his social worker. The military courts determined that the monitoring and recording of the telephone conversation between Rios and his daughter were permissible, in light of the daughter's consent. The courts also found that the Office of Special Investigations, which monitored the conversation, could properly use emergency procedures in order to obtain approval for the monitoring. *Rios,* 48 M.J. at 266; *Rios,* 45 M.J. at 564.

 With respect to the admittance of statements petitioner made to a civilian social worker, the AFCCA held that the statements were spontaneous, not made during an interrogation and were properly admitted as hearsay exceptions under Military Rule of Evidence 803(6) as business records. The court concluded that any statement made by petitioner was made freely, knowingly, and intelligently. *See* 45 M.J. at 566–67.

The court finds the military courts fairly considered these two issues and properly applied the correct legal standards. Accordingly, the court will deny Rios's petition grounded on these two claims.

 The court will also deny Rios's claim of ineffective assistance of counsel. Rios could have raised this issue before the CAAF in 1998 when his case was first

being considered on appeal. He did not do so, and the failure to raise the issue before the military courts bars presentation of the issue here. Moreover, even if the court were to consider the issue, it finds no basis for concluding that the argument would merit relief, as there is no basis for concluding that counsel performed below an objective standard of performance, and that that failure prevented Rios from receiving a favorable outcome to his case. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Here, the court finds no basis for concluding that either prong of the *Strickland* test is met. Accordingly, the court will grant the motion to dismiss this element of the petition.

Reviewing the history of the prosecution of the petitioner Rios, the court can only conclude that alleged constitutional violations were fully and fairly addressed by the military tribunals. Further, there is no basis herein for concluding that the performance of Rios's appellate counsel was either deficient, or that that performance caused or contributed to the outcome of the case.

IT IS ACCORDINGLY ORDERED this _____ day of February, 2002, that the Motion to Dismiss of the Respondent (Dkt. No. 9) is hereby granted.