**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 5 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CURTIS A. TAYLOR,

      Petitioner - Appellant,

      v.

COL. STEVEN L. ANDRASCHKO,

      Respondent - Appellee.

No. 02-3029

(D.C. No. 01-CV-3296-RDR)

(D. Kansas)

**ORDER AND JUDGMENT** *

Before **EBEL** , **LUCERO** , and **HARTZ** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Curtis Taylor ("Petitioner") was convicted by a general court martial of attempted murder and aggravated assault, in violation of Articles 80 and 128, Uniform Code of Military Justice, 10 U.S.C.  §§ 880 and 928.  Proceeding  *pro se* ,

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

he appeals the United States District Court's dismissal of his petition for habeas corpus filed under 28 U.S.C. § 2241. He claims that he was entitled to a mistrial because the prosecutor referred to inadmissible evidence during his opening statement. We have jurisdiction under 28 U.S.C. § 1291. We affirm the dismissal by the district court because the military courts gave full and fair consideration to the issue now raised by Petitioner.

We have "consistently granted broad deference to the military in civilian collateral review of court-martial convictions." *Watson v. McCotter*, 782 F.2d 143, 144 (10th Cir. 1986). "[W]hen a military decision has dealt fully and fairly with an allegation raised in [a petition for habeas corpus], it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Burns v. Wilson*, 346 U.S. 137, 142 (1953); *accord Watson*, 782 F.2d at 144. "Only when the military has not given a petitioner's claims full and fair consideration does the scope of review by the federal civil court expand." *Lips v. Commandant, United States Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir. 1993). A federal court's review of a military conviction is appropriate only if the following conditions are met:

> (1) the asserted error is of substantial constitutional dimension; (2) the issue is one of law rather than of disputed fact already determined by the military tribunal; (3) there are no military considerations that warrant different treatment of constitutional claims; and (4) the military courts failed to give adequate consideration to the

issues involved or failed to apply proper legal standards."

*Id.*

Petitioner contends that the military courts did not give his case full and fair consideration. He asserts that those courts improperly rejected his appeals by relying on an unprecedented rule that he waived any error in the denial of a mistrial by failing to object to the trial tribunal's curative instruction. We disagree.

After Petitioner's conviction, he first appealed to the United States Navy-Marine Corps Court of Criminal Appeals (NMCCA), which affirmed the conviction. The court cited case law for the propositions that a mistrial is a drastic remedy and that a military judge should explore other options, such as a curative instruction. It noted that the judge had given a curative instruction at Petitioner's trial, and, in response to Petitioner's contention that the curative instruction was inadequate, it wrote:

> The curative instruction the military judge crafted and gave to the members was not as comprehensive and clear as it would have been had he spent more time on it and involved the parties in the drafting process. However, the appellant did not object to that instruction as given. Therefore, he waived any issue involving that instruction. R.C.M. 801(g), 920(f). Moreover, we are confident that the curative instruction, combined with the other instructions the military judge gave to the members at appropriate points during the trial, effectively focused the members' attention on their obligation to base their findings and sentence on admissible evidence, and not on

the statements or arguments of counsel. No inadmissible evidence came before the members. Finally, we are satisfied that the trial counsel was operating in good faith on his recollection of the military judge's ruling on the motion *in limine*. Therefore, we are confident that the objectionable part of the trial counsel's opening statement had no prejudicial impact. The appellant received the substantially fair trial to which he is entitled.

*United States v. Taylor*, 1998 WL 433959, at *3 (N.M.Ct.Crim.App. July 20, 1998).

Petitioner focuses on the court's statement that he waived the issue by not objecting to the instruction. He asserts that no rule or precedent required him to object to the instruction once he had moved for a mistrial. We reject his argument on two grounds. First, given the precedents stating that a curative instruction is preferable to a mistrial, there was no unfair surprise in requiring trial counsel to explain to the military judge why the particular curative instruction in his case was inadequate.

Second, the appellate court did not rest its decision solely on waiver. As an alternative ground for affirmance, it found the instruction to be adequate. Petitioner argues that we cannot rely on this alternative ground. He cites *Harris v. Reed*, 489 U.S. 255 (1989), for the proposition that when a court states plainly that a claim has been procedurally defaulted, a later court should presume that the claim was not decided on the merits. But *Harris* says no such thing. On the contrary, it expressly recognizes that a court can rest a decision on alternate

grounds—a procedural default and the merits. *Id*. at 264 n.10. We have no doubt that the NMCCA fully and fairly considered Petitioner's mistrial claim.

Moreover, Petitioner's claim also received adequate review by the United States Court of Appeals for the Armed Forces, which affirmed the decision by the NMCCA. Again, the court found waiver. *United States v. Taylor*, 53 M.J. 195, 198 (C.A.A.F. 2000). But it then proceeded to state the following:

> Second, [Petitioner] makes much of the trial members' inadmissible questions to LCpl Franklin. However, these questions do not constitute evidence that the members of the court martial did not understand or would not follow the military judge's instructions. The judge's instructions to them were to only consider evidence provided from the trial testimony. The judge did not order them to refrain from asking any questions concerning the subject matter of a particular motion in limine that he had granted in part. Arguably, these questions demonstrate that some members' curiosity may have been aroused by the trial counsel's opening reference to gang colors. However, the mere fact of the questions does not lead us to conclude that the members refused to follow the judge's instruction to only consider the evidence presented from the witnesses when deliberating. Thus, the presumption that the members followed the military judge's instructions has not been rebutted.

> Accordingly, we agree with the Court of Criminal Appeals that the military judge did not abuse his discretion by refusing to grant [Petitioner] a mistrial.

(citations omitted) Thus, this second appellate court also gave full and fair consideration to Petitioner's issue, ruling against him on a proper waiver ground

and also ruling that the curative instruction prevented any prejudice from the prosecutor's remarks.

We AFFIRM the judgment of the district court.

Entered for the Court

Harris L Hartz
Circuit Judge