**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 14 2002**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

QUANLON SMITH,

    Petitioner - Appellant,

v.

COMMANDANT, UNITED STATES
DISCIPLINARY BARRACKS,

    Respondent - Appellee.

No. 02-3062
D.C. No. 01-CV-3015-RDR
(D. Kansas)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

Appellant Quanlon Smith sought habeas corpus relief under 28 U.S.C. §

2241 on two grounds. First, he asserted the military judge erred in instructing the

court-martial panel concerning use of evidence of indecent exposure misconduct

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

as evidence of a design or plan to commit a rape. Second, he claimed the Army Court applied an improper standard when it upheld that instruction. The district court dismissed the action, and Mr. Smith now appeals. We affirm.

As noted by the district court in its order in this case, the federal courts have only limited authority to review court-martial proceedings in actions for habeas corpus relief. *Lips v. Commandant*, 997 F.2d 808, 810-11 (10th Cir. 1993). If the federal court determines that the military courts gave full and fair consideration to the claims advanced by the petitioner, the federal court must refrain from reaching the merits, and must deny the petition. *Id.* An issue is deemed to have received full and fair consideration where it was brought before the military court and was disposed of by that court, even if summarily. *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986).

The record in this case demonstrates that the military court did in fact give full and fair consideration to both issues raised in this appeal. The Army Court of Criminal Appeals ("Army Court") reviewed the jury instruction de novo and found no error. The United States Court of Appeals for the Armed Forces ("CAAF") subsequently summarily denied review. This is adequate under *Watson* to meet the standard of full and fair consideration.

As to the legal standard applied to the instruction by the Army Court, the record reflects that the court applied the appropriate three-part test for

admissibility of the uncharged conduct under *United States v. Huddleston*, 485 U.S. 681 (1988), and *United States v. Reynolds*, 29 M.J. 105 (CMA 1989). The CAAF subsequently summarily denied review. This is adequate under *Watson* to meet the standard of full and fair consideration of this issue as well.

Because both issues presented here were given full and fair consideration by the military courts, we **AFFIRM** the district court's dismissal of this action.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge