**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WAYNE T. FELTON,

      Petitioner - Appellant,

v.

MICHAEL A. LANSING,

      Respondent - Appellee.

No. 02-3326
D.C. No. 00-CV-3010-RDR
(D. Kansas)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **BRISCOE** , and **HENRY** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

---

    *This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Wayne T. Felton, a military prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for habeas corpus. For the reasons stated below, we affirm.

## I. BACKGROUND

In 1995, Mr. Felton was serving in the United States Army when he was court-martialed and subsequently convicted by a military court jury of attempted robbery and conspiracy to commit robbery. Mr. Felton was sentenced to ten years' imprisonment, a dishonorable discharge, forfeiture of all pay and allowance, and reduction in military rank. On Mr. Felton's appeal, the Army Court of Criminal Appeals affirmed his conviction. Subsequently, the United States Court of Appeals for the Armed Forces denied Mr. Felton's petition for appellate review.

Mr. Felton later filed a 28 U.S.C. § 2241 petition for habeas corpus in the district court for the District of Kansas. The district court dismissed the petition. In a separate order, the district court granted Mr. Felton's motion to proceed in forma pauperis ("IFP") and denied Mr. Felton's application for a certificate of appealability ("COA").

## II. ANALYSIS

A COA is not necessary to appeal a final order in a 28 U.S.C. § 2241 proceeding. See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 n.1 (10th Cir. 1997). Therefore, the district court unnecessarily reached the "merits" of Mr. Felton's application for a COA. We turn then to Mr. Felton's appeal.

"[F]ederal courts have jurisdiction over applications for habeas corpus by persons incarcerated by the military courts." Lips v. Commandant, U.S. Disciplinary Barracks, 997 F.2d 808, 810-11 (10th Cir. 1993). However, "the military has its own independent criminal justice system governed by the Uniform Code of Military Justice." Id. at 810. For that reason, "in military habeas corpus the inquiry, the scope of matters open to review, has always been more narrow than in civil cases." Id. at 810-11 (internal quotation marks omitted).

"[I]f the military gave full and fair consideration to claims asserted in a federal habeas corpus petition, the petition should be denied." Id. An issue has been given a "full and fair consideration" by a military tribunal where it has been "briefed and argued," even if the military tribunal "summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion." Watson v. McCotter, 782 F.2d 143, 145 (10th Cir. 1986).

-3-

In addition, federal courts "will not review petitioners' claims on the merits if they were not raised at all in the military courts." <u>Id.</u>

Even construing Mr. Felton's pro se appellate brief liberally, he does not satisfy these standards, focusing his argument on the issue of exhaustion, and on the substantive merits of his appeal. Upon careful review of the record, we conclude for substantially the same reasons set forth in the district court's July 25, 2002 memorandum and order that each of the issues raised in Mr. Felton's petition for habeas corpus was either given full and fair consideration by the military courts or was never raised before the military courts.

## III. CONCLUSION

Accordingly, we **AFFIRM** the district court's dismissal of Mr. Felton's 28 U.S.C. § 2241 petition for habeas corpus.

Entered for the Court,


Robert H. Henry
Circuit Judge